# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# HATTIESBURG DIVISION

**ORDELL NORMAN**                                                               **PLAINTIFF**

**v.**                                           **CIVIL ACTION NO. 2:12-CV-106-KS-MTP**

**SOUTHERN HENS, INC.**                                        **DEFENDANT**

## MEMORANDUM OPINION AND ORDER

For the reasons stated below, the Court **grants** the Motion for Summary Judgment [20] filed by Defendant, Southern Hens, Inc. The Court will enter a separate judgment in accordance with Rule 58.

## I. BACKGROUND

This is a Title VII case. The facts are undisputed. Defendant hired Plaintiff on March 3, 2010, as a supervisor in its evisceration department. On March 12, 2011, Plaintiff received a written warning for "defective work," failing to be at his required spot on the production line, sleeping in an office, and reacting insubordinately when confronted about these work deficiencies. Between May 16, 2011, and July 8, 2011, Plaintiff received three more written warnings for "defective work," arising from "pre-chill and fecal failures" occurring under his supervision on the production line. Defendant suspended Plaintiff for three days because of the repeated problems.

On August 16, 2011, Defendant ordered all supervisors to report to the production line to assist with a large order. Plaintiff failed to comply, and his supervisor found him speaking with a female employee in a corner of the facility.

Plaintiff claims the supervisor yelled at him and later apologized. But Plaintiff received another written warning for "defective work" and "subversive activity." Defendant suspended Plaintiff for three days pending an investigation, and it eventually decided to terminate his employment, effective August 22, 2011.

Plaintiff eventually filed a Complaint in the Circuit Court of Forrest County, Mississippi, which Defendant removed to this Court. Plaintiff claims that Defendant discriminated against him because of his race, violating Title VII.[1] He also claims that Defendant's employment policies have a disparate impact upon African-Americans. Defendant filed a Motion for Summary Judgment [20], and Plaintiff failed to timely respond to the motion. An attorney then appeared [23] on Plaintiff's behalf and requested an extension of time [24] to respond. The Court granted Plaintiff an extension, but Plaintiff again failed to timely respond. The motion is, therefore, ripe for review.

## II. STANDARD OF REVIEW

Rule 56 provides that "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a); *see also Sierra Club, Inc. v. Sandy Creek Energy Assocs., L.P.*, 627 F.3d 134, 138 (5th Cir. 2010). "Where the burden of production at trial ultimately rests on the nonmovant, the movant must merely demonstrate an absence of evidentiary support in the record for the

---

[1] 42 U.S.C. § 2000e, *et seq.*

2

nonmovant's case." *Cuadra v. Houston Indep. Sch. Dist.*, 626 F.3d 808, 812 (5th Cir. 2010) (punctuation omitted). The nonmovant "must come forward with specific facts showing that there is a genuine issue for trial." *Id.* (punctuation omitted). "An issue is material if its resolution could affect the outcome of the action." *Sierra Club, Inc.*, 627 F.3d at 138. "An issue is 'genuine' if the evidence is sufficient for a reasonable jury to return a verdict for the nonmoving party." *Cuadra*, 626 F.3d at 812.

The Court is not permitted to make credibility determinations or weigh the evidence. *Deville v. Marcantel*, 567 F.3d 156, 164 (5th Cir. 2009). When deciding whether a genuine fact issue exists, "the court must view the facts and the inference to be drawn therefrom in the light most favorable to the nonmoving party." *Sierra Club, Inc.*, 627 F.3d at 138. However, "[c]onclusional allegations and denials, speculation, improbable inferences, unsubstantiated assertions, and legalistic argumentation do not adequately substitute for specific facts showing a genuine issue for trial." *Oliver v. Scott*, 276 F.3d 736, 744 (5th Cir. 2002).

### III. DISCUSSION

Plaintiff asserted two Title VII claims: 1) that Defendant discriminated against him on the basis of his race, and 2) that Defendant's employment policies have a disparate impact on African-American employees.

#### A. *Title VII Discrimination*

The Court applies a modified version of the *McDonnell Douglas* burden-shifting framework in Title VII discrimination cases. *Vaughn v. Woodforest Bank*, 665 F.3d 632, 636 (5th Cir. 2011). "To survive summary judgment under *McDonnell Douglas*, the

3

plaintiff must first present evidence of a prima facie case of discrimination." *Davis v. Dallas Area Rapid Transit*, 383 F.3d 309, 317 (5th Cir. 2004). To establish a prima facie case of discrimination under Title VII, a plaintiff must present evidence that "(1) he is a member of a protected class, (2) he was qualified for the position at issue, (3) he was the subject of an adverse employment action, and (4) he was treated less favorably because of his membership in that protected class than were other similarly situated employees who were not members of the protected class, under nearly identical circumstances." *Wesley v. Gen. Drivers, Warehousemen & Local 745*, 660 F.3d 211, 213 (5th Cir. 2011).

"If the plaintiff presents a prima facie case, discrimination is presumed, and the burden shifts to the employer to articulate a legitimate, nondiscriminatory reason for the underlying employment action." *Davis*, 383 F.3d at 317. "The employer's burden is one of production, not persuasion, and does not involve a credibility assessment." *Black v. Pan Am Labs., LLC*, 646 F.3d 254, 259 (5th Cir. 2011).

If the defendant can articulate a legitimate, nondiscriminatory reason for the underlying employment action, the presumption of discrimination disappears, and the plaintiff "must then offer sufficient evidence to create a genuine issue of material fact either (1) that [the defendant's] reason is not true, but is instead a pretext for discrimination (pretext alternative); or (2) that [the defendant's] reason, while true, is only one of the reasons for its conduct, and another motivating factor is [the plaintiff's] protected characteristic (mixed-motives alternative)." *Vaughn*, 665 F.3d at 636.

Plaintiff's discrimination claim fails for several reasons. First, Plaintiff has not

presented evidence that he "was treated less favorably because of his membership in [a] protected class than were other similarly situated employees who were not members of the protected class, under nearly identical circumstances." *Wesley*, 660 F.3d at 213. Therefore, he has not presented a prima facie case of discrimination.

Next, Defendant articulated – and provided evidence of – "a legitimate, nondiscriminatory reason for the underlying employment action." *Davis*, 383 F.3d at 317. Laquanda Barnes, Defendant's Director of Human Resources, testified by affidavit [20-2] that Plaintiff received several warnings from March 12, 2011, through August 16, 2011, for various work infractions, including failure to be at his required spot on the production line, sleeping in a company office, insubordination toward management, defective work occurring under his supervision, and failure to report to the production line when directed to do so. Plaintiff admitted [20-3] that he received these reprimands, and that he was suspended and eventually fired because of them.[2]

These are legitimate nondiscriminatory reasons for termination,[3] and Plaintiff

---

[2]Defendant submitted requests for admissions [20-3] to Plaintiff, and he did not respond to them. Rule 36 provides: "A matter is admitted unless, within 30 days after being served, the party to whom the request is directed serves on the requesting party a written answer or objection addressed to the matter and signed by the party or its attorney." FED. R. CIV. P. 36(a)(3). "A matter admitted under this rule is conclusively established unless the court, on motion, permits the admission to be withdrawn or amended." FED. R. CIV. P. 36(b). Plaintiff has not sought withdrawal or amendment of his admissions. Therefore, his admissions are conclusive as to the matters admitted, and the Court can not ignore them. *In re Carney*, 258 F.3d 415, 420 (5th Cir. 2001); *AAA (Inc.) v. AAA Legal Clinic*, 930 F.2d 1117, 1120 (5th Cir. 1991).

[3]*See Turner v. Baylor Richardson Med. Ctr.*, 476 F.3d 337, 345 (5th Cir. 2007) (quality and timeliness of work, insubordination are legitimate nondiscriminatory

failed to provide any evidence that they are pretext for discrimination. In fact, Plaintiff admitted during his deposition [20-1] that he had no evidence that Defendant terminated him because of his race. He theorized that Defendant discriminated against him because of his criminal record, which is not unlawful under Title VII.[4] For all of the reasons stated above, the Court grants Defendant's Motion for Summary Judgment with respect to Plaintiff's Title VII discrimination claim.

## B. Title VII Disparate Impact

"Disparate impact claims . . . do not require proof of intent to discriminate. Instead, they focus on facially neutral employment practices that create such statistical disparities disadvantaging members of a protected group that they are functionally equivalent to intentional discrimination." *Munoz v. Orr*, 200 F.3d 291, 299 (5th Cir. 2000).

> To establish a prima facie case of disparate impact, [Plaintiff] must show that facially neutral employment standards operate more harshly on one group than another. This initial burden includes proof of a specific practice or set of practices resulting in significant disparity between the groups. Statistical disparities between the relevant groups are not

---

reasons for termination); *Chaney v. New Orleans Pub. Facility Mgmt., Inc.*, 179 F.3d 164, 167-68 (5th Cir. 1999) ("The failure of a subordinate to follow the direct order of a supervisor is a legitimate nondiscriminatory reason for discharging that employee."); *Little v. Republic Refining Co.*, 924 F.2d 93, 96 (5th Cir. 1991) (poor job performance is a legitimate nondiscriminatory reason for termination).

[4]*See* 42 U.S.C. § 2000e-2(a) (unlawful to discharge any individual because of race, color, religion, sex, or national origin); *Corley v. Jackson Police Dep't*, 639 F.2d 1296, 1299 (5th Cir. 1981) (criminal acts can justify termination or refusal to hire); *Crawford v. Dep't of Homeland Sec.*, 245 F. App'x 369, 379 (5th Cir. 2007) (prior criminal conduct is a legitimate nondiscriminatory reason for adverse employment action).

sufficient. A plaintiff must offer evidence isolating and identifying the specific employment practices that are allegedly responsible for any observed statistical disparities.

*Barrow v. Greenville Indep. Sch. Dist.*, 480 F.3d 377, 382-83 (5th Cir. 2007); *see also Pacheco v. Mineta*, 448 F.3d 783, 791 (5th Cir. 2006). Here, Plaintiff has not identified the facially neutral policy which he believes has a disparate impact on African-Americans. Furthermore, he offered no evidence that any policy or procedure observed by Defendant has a disproportionately adverse effect on African-Americans. Therefore, the Court grants Defendant's Motion for Summary Judgment as to Plaintiff's disparate impact claim.

## IV. CONCLUSION

For all the reasons stated above, the Court **grants** Defendant's Motion for Summary Judgment [20]. The Court will enter a separate judgment in accordance with Rule 58.

SO ORDERED AND ADJUDGED this 22nd day of May, 2013.

> *s/Keith Starrett*
> UNITED STATES DISTRICT JUDGE