IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
HATTIESBURG DIVISION

**ORDELL NORMAN**                                                                              **PLAINTIFF**

v.                                                                    CIVIL ACTION NO. 2:12-CV-106-KS-MTP

**SOUTHERN HENS, INC.**                                                                    **DEFENDANT**

### MEMORANDUM OPINION AND ORDER

For the reasons stated below, the Court **grants** Defendant's Motion to Strike [34] and **denies** Plaintiff's Motion to Set Aside [29] the Final Judgment.

### I. BACKGROUND

This is a Title VII[1] case. Plaintiff claims that Defendant discriminated against him because of his race, and that Defendant's employment policies have a disparate impact upon African-Americans.

On February 8, 2013, Defendant submitted its First Requests for Admissions [16, 20-3] to Plaintiff, but Plaintiff failed to respond.[2] A couple of months later, Defendant filed a Motion for Summary Judgment [20]. The Court entered a scheduling order [22], but Plaintiff failed to timely respond to the motion. An attorney – John H.

---

[1] 42 U.S.C. § 2000e, *et seq.*

[2] As the Court noted in its previous opinion, Rule 36 provides that a "matter is admitted unless, within 30 days after being served, the party to whom the request is directed serves on the requesting party a written answer or objection addressed to the matter and signed by the party or its attorney." FED. R. CIV. P. 36(a)(3). "A matter admitted under this rule is conclusively established unless the court, on motion, permits the admission to be withdrawn or amended." FED. R. CIV. P. 36(b).

Anderson – eventually appeared [23] on Plaintiff's behalf and requested an extension of time [24]. The Court granted the extension, but Plaintiff again failed to respond. The Court addressed the motion, granted it [26], and entered a judgment [27] in Defendant's favor. *See Norman v. Southern Hens, Inc.*, No. 2:12-CV-106-KS-MTP, 2013 U.S. Dist. LEXIS 72611 (S.D. Miss. May 22, 2013).

Almost four months after the Court entered the final judgment, Plaintiff filed a motion to set it aside [29]. After Defendant responded [31] to the motion, Plaintiff filed a notice [32] that he had provided responses to Defendant's requests for admissions – approximately seven months after they were due. Defendant countered with a Motion to Strike [34] the responses as untimely.

On November 7, 2013, the Court received correspondence [36] from Plaintiff in which he represented that his attorney would be out of the office until January 2014 and requested an extension of time to respond to Defendant's motion to strike. On the same day, another attorney – Charles E. Lawrence, Jr. – appeared [37] on Plaintiff's behalf and represented that Plaintiff's previous attorney had been suspended from the practice of law for seventy-five days. He requested [38] an extension of time to respond to the motion to strike, which the Court granted [39]. Plaintiff filed a response [40], and the Court may now address both Defendant's Motion to Strike [34] and Plaintiff's Motion to Set Aside [29].

## II. MOTION TO STRIKE [34]

"[A] deemed admission can only be withdrawn or amended *by motion* in accordance with Rule 36(b)." *In re Carney*, 258 F.3d 415, 419 (5th Cir. 2001) (emphasis

added). Rule 36(b) provides: "A matter admitted under this rule is conclusively established unless the court, *on motion*, permits the admission to be withdrawn or amended." FED. R. CIV. P. 36(b) (emphasis added). Plaintiff has not filed a motion seeking to withdraw or amend his admissions. Therefore, the Court must grant Defendant's motion to strike the untimely responses to the requests for admissions. *See Carney*, 258 F.3d at 419 (where plaintiff failed to file a Rule 36(b) motion seeking withdrawal or amendment of his admissions, he had no right to file responses out of time).

Even if Plaintiff had filed a motion, the Court would not have granted it in these circumstances. "[T]he Court may permit withdrawal or amendment if it would promote the presentation of the merits of the action and if the court is not persuaded that it would prejudice the requesting party in maintaining or defending the action on the merits." FED. R. CIV. P. 36(b). "Even when these two factors are established, a district court still has discretion to deny a request for leave to withdraw or amend an admission." *Carney*, 258 F.3d at 419.

In the Court's previous opinion, it outlined the burden-shifting framework employed in Title VII discrimination cases. *Norman*, 2013 U.S. Dist. LEXIS 72611 at *4-*6. Even if the Court allowed Plaintiff to withdraw his admissions, there would still be no evidence that he "was treated less favorably because of his membership in [a] protected class than were other similarly situated employees who were not members of the protected class, under nearly identical circumstances." *Wesley v. Gen. Drivers, Warehousemen & Local 745*, 660 F.3d 211, 213 (5th Cir. 2011). Similarly, Plaintiff

3

failed to provide evidence that Defendant's proffered reasons for the adverse employment action were pretext for discrimination, or that another motiving factor was Plaintiff's race. *See Vaughn v. Woodforest Bank*, 665 F.3d 632, 636 (5th Cir. 2011). He also failed to present any evidence that any policy or procedure observed by Defendant has a disproportionately adverse effect on African-Americans. *See Barrow v. Greenville Indep. Sch. Dist.*, 480 F.3d 377, 382-83 (5th Cir. 2007).

Therefore, as Plaintiff failed to present any evidence whatsoever in support of his claims, withdrawal of the admissions would not "promote the presentation of the merits of the action." FED. R. CIV. P. 36(b). The Court would still be required to enter summary judgment in Defendant's favor.

### III. MOTION TO SET ASIDE [29]

"A motion asking the court to reconsider a prior ruling is evaluated either as a motion . . . under Rule 59(e) or . . . under Rule 60(b). The rule under which the motion is considered is based on when the motion is filed. If the motion is filed within twenty-eight days after the entry of judgment, the motion is treated as though it was filed under Rule 59, and if it was filed outside of that time, it is analyzed under Rule 60." *Demahy v. Schwarz Pharma, Inc.*, 702 F.3d 177, 182 n. 2 (5th Cir. 2012). Plaintiff's Motion to Set Aside [29] was filed more than twenty-eight days after the Final Judgment [27], and Rule 60(b) applies.

Rule 60(b) provides:

> On motion and just terms, the court may relieve a party . . . from a final judgment . . . for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect;
>
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
>
> (3) fraud . . . , misrepresentation, or misconduct by an opposing party;
>
> (4) the judgment is void;
>
> (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
>
> (6) any other reason that justifies relief.

FED. R. CIV. P. 60(b). Several factors should guide the Court's Rule 60(b) analysis:

> (1) That final judgments should not be lightly disturbed; (2) that the Rule 60(b) motion is not to be used as a substitute for appeal; (3) that the rule should be liberally construed in order to do substantial justice; (4) whether the motion was made within a reasonable time; (5) whether – if the judgment was a default or a dismissal in which there was no consideration of the merits – the interest in deciding cases on the merits outweighs, in the particular case, the interest in finality of judgments, and there is merit in the movant's claim or defense; (6) whether there are any intervening equities that would make it inequitable to grant relief; and (7) any other factors relevant to the justice of the judgment under attack.

*Edward H. Bohlin Co. v. Banning Co.*, 6 F.3d 350, 356 (5th Cir. 1993). "Rule 60(b) relief will only be afforded in unique circumstances." *Id.* at 357.

Plaintiff did not invoke a specific section of Rule 60(b), but he has not provided any newly discovered evidence or identified any fraud, misrepresentation, or misconduct. The judgment is not void, and it has not been satisfied, released, or discharged. Therefore, the only sections of Rule 60(b) that are possibly applicable here

are 60(b)(1) and 60(b)(6).

### A.   *Rule 60(b)(1)*

"Rule 60(b)(1) provides that a party may be relieved from final judgment for mistake, inadvertence, surprise, or excusable neglect." *Jenkens & Gilchrist a Prof'l Corp. v. Groia & Co.*, 542 F.3d 114, 117 (5th Cir. 2008). "Gross carelessness, ignorance of the rules, or ignorance of the law are insufficient bases for 60(b)(1) relief." *Bohlin*, 6 F.3d at 357.

First, Plaintiff argues that the Court should set aside the final judgment because of his pro se status during the early stages of the case. Pro se status does not entitle one to 60(b)(1) relief. *See Sanders v. HHS*, 508 F. App'x 311, 312 (5th Cir. 2013); *Vafaiyan v. City of Wichita Falls*, 398 F. App'x 989, 990 (5th Cir. 2010). Regardless, the record shows that Plaintiff was represented by counsel at the key points of litigation. Plaintiff retained counsel prior to his deposition [20-5], and Defendant's counsel provided Plaintiff's counsel with copies of the discovery requests that had already been served on Plaintiff to that point. Counsel also appeared on Plaintiff's behalf and sought [24] an extension of time to respond to Defendant's summary judgment motion. Despite failing to respond to the summary judgment motion, the same attorney filed the motion to set aside which the Court now considers.

Plaintiff also argues that 60(b) relief is appropriate because of communication problems and disagreements with his previous counsel. This argument is also unavailing. *See Sangi v. Fairbanks Capital Corp.*, 219 F. App'x 359, 362 (5th Cir. 2007) (counsel miscommunication does not merit Rule 60(b)(1) relief).

Finally, Plaintiff represented in briefing that Defendant's proffered reasons for the adverse employment action were not true, that he was not guilty of defective work or subversive activity. He failed, though, to present an affidavit or other evidence to this effect. Regardless, a "defeated litigant cannot set aside a judgment . . . because the litigant failed to present on a motion for summary judgment all of the facts known to him that might have been useful to the court." 11 Charles Alan Wright & Arthur R. Miller, *Federal Practice & Procedure* § 2858 (3d ed. 2013). Also, Plaintiff's previous counsel noted in briefing [33] that he:

> . . . reviewed the request for admissions with [Plaintiff] and was unable at that time, to get any responses from him which would have been different than the responses not being given. Also, upon review, [counsel] was unable to determine any real response to the Motion for Summary Judgment as the deposition answers were under oath and seemingly had been freely given.

On its face, this appears to be an admission that Plaintiff could not present any evidence to support his claims. Indeed, Plaintiff's counsel admitted in the same brief that "the items set forth in the record can not be disputed."

For all of these reasons, the Court finds that Plaintiff has failed to make 60(b)(1)'s requisite showing of "mistake, inadvertence, surprise, or excusable neglect." *Jenkens & Gilchrist*, 542 F.3d at 117.

### B.  *Rule 60(b)(6)*

A party may obtain relief from judgment under Rule 60(b)(6) for "any other reason than those contained in the preceding five enumerated grounds of Rule 60(b)." *Adams v. Thaler*, 679 F.3d 312, 319 (5th Cir. 2012). Rule 60(b)(6) provides "a grand

7

reservoir of equitable power to do justice in a particular case when relief is not warranted by the preceding clauses." *Gov't Fin. Servs. One Ltd. P'ship v. Peyton Place, Inc.*, 62 F.3d 767, 773-74 (5th Cir. 1995). A motion under Rule 60(b)(6) is only granted where the initial judgment was "manifestly unjust," *Bohlin*, 6 F.3d at 357, and "extraordinary circumstances are present." *Peyton Place*, 62 F.3d at 774.

Plaintiff did not highlight any specific grounds for relief under Rule 60(b)(6) beyond those addressed above in the Court's discussion of Rule 60(b)(1). For the same reasons stated above, the Court finds that Plaintiff failed to meet Rule 60(b)(6)'s "extraordinary circumstances" standard. *Id.*

## IV. CONCLUSION

For the reasons stated above, the Court **grants** Defendant's Motion to Strike [34] and **denies** Plaintiff's Motion to Set Aside [29] the Judgment.

Finally, the Court must address a representation from Plaintiff's most recent filing [40]. Plaintiff apparently represented to his counsel that "he has contacted the court's staff directly and he interprets what he was advised that the Motion for Summary Judgment would have been denied if responded to." After conferring with the Clerk's office and chambers staff, the undersigned judge is confident that no one associated with this Court represented, indicated, or otherwise suggested to Plaintiff that Defendant's dispositive motion would have been denied but for Plaintiff's failure to respond. Any representation to the contrary is false.

SO ORDERED AND ADJUDGED this 25th day of November, 2013.

*s/Keith Starrett*

UNITED STATES DISTRICT JUDGE